UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUNDRA, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>FAIRE WHOLESALE, INC.,<br><br>    Defendant. | Case No. 23-cv-02513-AMO<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 27 |

Defendant Faire Wholesale, Inc.'s ("Faire") Motion to Dismiss the Complaint was heard before this Court on December 7, 2023. This Order following the hearing assumes familiarity with the facts of the case, the parties' arguments, and the relevant legal standard on a motion to dismiss.

"A threshold step in any antitrust case is to accurately define the relevant market, which refers to 'the area of effective competition.'" *FTC v. Qualcomm Inc.*, 969 F.3d 974, 992 (9th Cir. 2020) (quoting *Ohio v. Am. Express Co.* ("*Amex*"), 138 S. Ct. 2274, 2285, (2018)). "While plaintiffs need not plead a relevant market with specificity, '[t]here are . . . some legal principles that govern the definition of an antitrust "relevant market," and a complaint may be dismissed under Rule 12(b)(6) if the complaint's "relevant market" definition is facially unsustainable.'" *Hicks v. PGA Tour, Inc.*, 897 F.3d 1109, 1120 (9th Cir. 2018) (quoting *Newcal Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038, 1044-45 (9th Cir. 2008)). After fulsome discussion with the parties at the hearing, the Court remains unconvinced that Tundra sufficiently defines the relevant market to support its antitrust claims.

Tundra proposes a market definition of "online wholesale marketplaces that connect local retailers throughout the United States with new or emerging domestic brands." Compl. ¶ 42. A

1    fatal defect for such a market is that Tundra fails to define terms like "local," "new," or

2    "emerging," adjectives that facially pare down the relevant market to attribute a greater share to

3    Faire. This proposed market definition appears "not natural," "artificial," and "contorted to meet

4    [Tundra's] litigation needs." *Hicks*, 897 F.3d at 1121. Tundra argues that its use of these terms to

5    define the market alleged in the Complaint is cured by the fact that Faire uses the same terms in its

6    public statements. Opp at 19. However, these public statements by Faire do not cure Tundra's

7    use of these terms to artificially contour the market. Ultimately, these vague terms are so generic

8    as to render implausible Tundra's several antitrust claims that rely on the relevant market

9    definition, and dismissal is appropriate. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

10         Tundra argued vigorously at the hearing that the Court may not dismiss the Complaint

11   unless there is a fatal defect in the market definition. The argument is well taken. *See Newcal*,

12   513 F.3d at 1045 (describing that an antitrust complaint "survives a Rule 12(b)(6) motion unless it

13   is apparent from the face of the complaint that the alleged market suffers a fatal legal defect.").

14   However, Tundra seemingly acknowledges the fatal defect in its definition, presenting an

15   alternative definition throughout the proceedings to minimize the vagueness detected by the Court.

16   Tundra argues, for example, that the relevant market definition is crystal clear, describing it as the

17   "market for online wholesale marketplaces" in its Opposition brief (*see* ECF 33 at 8), and

18   describing it as the "market for online wholesale platforms" during the hearing. If Tundra intends

19   to proceed with such an alternative market definition, then amendment of that portion of the

20   pleading should prove straightforward. The Court, finding that Tundra's antitrust claim fails at the

21   antitrust threshold of market definition, does not reach the parties' remaining arguments regarding

22   Faire's allegedly anticompetitive contracts and conduct.

23         The Court DISMISSES Tundra's first cause of action under the Sherman Act for failure to

24   state a claim, with leave to amend. Having dismissed the cause of action over which it has

25   original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining

26   state law claims and additionally DISMISSES the second and third causes of action. *See Carlsbad*

27   *Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). Tundra's Motion for Leave to Submit

28   Supplementary Material is DENIED. Should it choose to, Tundra shall file an amended pleading

within 21 days from the date of this order; however, the Court welcomes any stipulation to extend this deadline to facilitate settlement discussions.  No additional parties or claims may be added in an amended complaint without leave of Court or stipulation of Defendant.

**IT IS SO ORDERED.**

Dated: February 13, 2024

_____
**A**RACELI **M**ARTÍNEZ-**O**LGUÍN
**United States District Judge**