M. SEAN ROYALL (*pro hac vice*)
sroyall@kslaw.com
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Suite 900
Washington, DC 20006
Telephone: (202) 737-0500
Facsimile: (202) 626-3737

MARY-OLGA LOVETT (*pro hac vice*)
CONNOR R. BREWER (SBN 336978)
mlovett@kslaw.com
cbrewer@kslaw.com
KING & SPALDING LLP
1100 Louisiana Street, Suite 4100
Houston, TX 77002
Telephone: (713) 751-3200
Facsimile: (713) 751-3290

JOSEPH N. AKROTIRIANAKIS (SBN 197971)
jakro@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

*Attorneys for Plaintiff*
Tundra Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TUNDRA INC., <br><br> Plaintiff, <br><br> v. <br><br> FAIRE WHOLESALE, INC., <br><br> Defendant. | Case No. 3:23-cv-02513-AMO <br><br> Honorable Araceli Martínez-Olguín <br><br> **PLAINTIFF TUNDRA INC.'S ADMINISTRATIVE MOTION TO SHORTEN TIME FOR HEARING ON FAIRE WHOLESALE, INC.'S MOTION TO STAY DISCOVERY [L.R. 6-3, 7-11]** <br><br> Action Filed: May 23, 2023 |

# ADMINISTRATIVE MOTION TO SHORTEN TIME

Under Civil Local Rules 6-3 and 7-11, Plaintiff Tundra Inc. ("Tundra") respectfully moves to shorten the time for the hearing on Defendant Faire Wholesale, Inc.'s ("Faire") Motion to Stay Discovery (ECF No. 98).[1] This Court *sua sponte* continued the hearing on Faire's motion to stay from its noticed hearing date of August 1, 2024, until November 14, 2024—five months after the motion was filed. ECF No. 100. Tundra respectfully asks the Court to reschedule that hearing to an earlier date or to decide the stay motion on the papers without a hearing.[2] Alternatively, because the Court has already made clear that "discovery ***isn't*** stayed," ECF No. 83, 3/21/24 Hrg. Tr. at 3 (emphasis added), Tundra requests confirmation that it can proceed with discovery in line with the Court's prior statements.

Although Tundra recognizes and respects the Court's need to manage its own schedule, Tundra is deeply concerned that delaying a hearing on Faire's motion to stay will unfairly prejudice Tundra and obstruct the expeditious and proper disposition of this matter. This "substantial harm or prejudice" justifies the "grant [of] a motion to shorten time." *Noble v. Kiewit Pac. Co.*, 2008 WL 413754, at *1 (N.D. Cal. Feb. 13, 2008); *see* L.R. 6-3(a). Tundra thus asks this Court to reschedule the hearing on Tundra's motion to stay to the "earliest available date." *WeRide Corp. v. Kun Huang*, 2019 WL 3555343, at *2 (N.D. Cal. Aug. 5, 2019) (granting such relief); *Haigh v. Constr. Indus. & Laborers Joint Pension Tr. for S. Nevada*, 2015 WL 5458793, at *2 (D. Nev. Sept. 15, 2015) (granting a party's motion to shorten time and request for expedited review, while denying the pending motion to stay discovery). If the Court's schedule cannot accommodate a hearing well in advance of November 14, Tundra respectfully requests that the Court promptly decide Faire's motion to stay on the papers—or, as noted above, that the Court simply confirm its prior statement that discovery has been "***turn[ed] . . . back on***" and may now proceeded. 3/21/24

---

[1] This Administrative Motion is based on the points and authorities below and the accompanying declaration of Connor R. Brewer ("Brewer Decl."). Tundra met and conferred with Faire's counsel on July 12, 2024, to request a stipulation to the requested relief. Faire's counsel declined to stipulate and indicated their intent to oppose this Administrative Motion. Brewer Decl. ¶ 4.

[2] Tundra does not ask the Court to reschedule the hearing on Faire's motion to dismiss.

Hrg. Tr. at 3.

In the absence of this relief, Tundra will be severely prejudiced by the further delay in its lawsuit against Faire, which has already been pending for more than a year. During that time, contrary to the erroneous assertions in its stay motion, Faire has *not* provided any meaningful discovery. In response to the three Tundra pre-ADR discovery requests authorized by the Court— requests that Faire itself claims were broad and encompassing—Faire produced only *nine* documents, most of them of little relevance. *See* Tundra's Opp. to Mot. Stay, at 3-6. This Court has already made it exceedingly clear to the parties that if the ADR process overseen by Judge Kang was unsuccessful in yielding a settlement (as it was), at that point "discovery **isn't** stayed," but instead "**turns right back on**." 3/21/24 Hrg. Tr. at 3 (emphasis added). In the same case management conference, the Court commented to Tundra's counsel—"you want to move things along" and "I respect that." *Id.* These comments rightly reflect the Court's obligation to facilitate "expeditious resolution of litigation." *Kincheloe v. Am. Airlines, Inc.*, 2021 WL 5847884, at *1 (N.D. Cal. Dec. 9, 2021) (citation omitted); *see* Fed. R. Civ. P. 1 (federal courts should in all ways endeavor "to secure the just, speedy, and inexpensive determination of every action and proceeding"). As the Court knows, there is a commitment within this District not to impose stays of discovery absent "a '*strong showing*' why discovery should be denied,'" *Kincheloe*, 2021 WL 5847884, at *1 (emphasis added), and Faire has not even come close to meeting that burden, for reasons explained in Tundra's Opposition. *See also Meta Platforms, Inc. v. Voyager Labs. Ltd.*, 2023 WL 4828007, at *2 (N.D. Cal. July 26, 2023) (in an analogous situation where defendant filed a second motion to dismiss renewing the same arguments presented in the prior motion and simultaneously moved to stay discovery, this Court *denied* the stay because the defendant failed to persuasively demonstrate that the amended complaint was "*utterly frivolous*" (emphasis added)). If anything, the standards to which Faire should be held in justifying a stay should be even *higher* here, given the lengthy passage of time since the case was filed and the fact that Faire is now requesting a **third** stay on discovery in this case. *See In re Nexus 6P Prod. Liab. Litig.*, 2017 WL 3581188, at *2 (N.D. Cal. Aug. 18, 2017) (stating opposition to "granting successive stays . . . after the hearing on the [initial] motions to dismiss"); *see also* Tundra's Opp. to Mot. Stay, at

18-20 (explaining the prejudice to Tundra from any further stay of discovery); *Calvary Chapel San Jose v. Cody*, 2022 WL 1693679, at *1, *4 (N.D. Cal. May 26, 2022) (denying motion to stay where suit had been pending for over a year, the court had "adjudicated several motions," and in the court's view the case "ha[d] been at the pleading stage for too long already"); *Wiand v. Wells Fargo Bank, N.A.*, 2013 WL 12157565, at *2 (M.D. Fla. Feb. 7, 2013) (where case "was filed [over] a year ago" and plaintiff was "unable . . . as yet" to take any meaningful discovery, court denied motion to stay despite the pendency of a motion to dismiss, concluding "the harm caused to Plaintiff by a delay outweighs the potential that all counts will be dismissed and dispose of the litigation").

Faire filed its pending motions to dismiss and to stay in a desperate attempt to avoid disclosing the evidence that will prove, as Tundra alleges in its Amended Complaint, that it has illegally monopolized the market for online wholesale marketplaces. But it is well settled that filing a motion to dismiss does *not* justify "automatic or blanket stays of discovery." *Kincheloe*, 2021 WL 5847884, at *1. As Judge Davila has held, in the context of an antitrust suit and in a highly analogous procedural posture, a defendant's proprietary "interest . . . in resisting discovery" *cannot* override "the interests of Plaintiff, the public, and the court in maintaining an orderly and expeditious schedule." *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, 2018 WL 1569811, at *2 (N.D. Cal. Feb. 16, 2018). He also made clear that "[t]he mere filing of a motion to dismiss is not ordinarily enough to stop the discovery process, derail a case schedule, and delay proceedings." *Id.* "If it was," he stressed, "every case with a second-round motion to dismiss—the large majority of federal actions—would be stayed at some point." *Id.* As Judge Davila stated, "[t]hat sort of inefficient and chaotic system is not contemplated by the Federal Rules, and is in any event 'directly at odds with the need for expeditious resolution of litigation.'" *Id.* (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)).

Tundra has grave concerns that an injustice and significant prejudice will be done if a ruling on Faire's meritless stay motion is postponed until late this year—absent the Court confirming, as it stated previously, that "discovery *isn't stayed*," at this time, but has been "*turn*[*ed*] *right back on*" following the unsuccessful settlement conference. 3/21/24 Hrg. Tr. at 3 (emphasis added).

Postponement of a ruling on that motion for four additional months (or potentially more) clearly would "result in **unnecessary delay**"—delays that are "not simply a benign or inevitable element of federal litigation." *Flynn v. Nevada*, 345 F.R.D. 338, 349 (D. Nev. Jan. 3, 2024) (emphasis added). Within the Ninth Circuit, courts "*presume[] prejudice* from unreasonable delay," *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (emphasis added), as "justice delayed is justice denied." *Dietrich v. Boeing*, 14 F.4th 1089, 1095 (9th Cir. 2021). "Delaying a plaintiff's pursuit of justice premised on a bare desire to avoid the ordinary cost or inconvenience of discovery is . . . unjustifiable," and presumptively prejudicial to federal court litigants "seeking to right a perceived wrong." *Flynn*, 345 F.R.D. at 349. The prejudice from further delays in discovery in this case are particularly acute here given that Faire, during the 14 months this suit has been pending, has only expanded its illegal, competition-harming monopoly and continued to raise its prices, further exploiting the customers that Faire's own executives have acknowledged to be "*locked in* to Faire's platform"—customers who "feel *compelled to remain*" there "even though they increasingly resent Faire's restrictive policies and would prefer to take some or all of their business elsewhere." Am. Compl. ¶ 33 (emphasis added).

Moreover, any ongoing delay creates a significant risk that relevant discovery will be lost or grow stale. This lawsuit concerns business practices and events dating back seven years, to 2017. Obtaining discovery extending back in time to the period when Tundra and Faire first began to compete, and Faire first adopted the challenged exclusive dealing provisions, is critical to Tundra's ability to secure a just resolution of its claims. As time passes, "[w]itnesses relocate, memories fade, and persons allegedly aggrieved" by past acts or practices may be "unable to seek vindication or redress." *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 809 (N.D. Cal. 1989); *see also Reed v. Dzurenda*, 2021 WL 832640, at *3 (D. Nev. Mar. 4, 2021) ("the longer this matter goes on, the greater the chances that the memories of relevant witnesses will fade"). With each day that passes, the likelihood that this case will be resolved fairly on the merits decreases, and the accompanying prejudice to Tundra and the public increases.

That is why Tundra feels compelled to ask this Court to modify its schedule for hearing Faire's motion to stay. Under ordinary circumstances, Tundra would not have made such a request,

and indeed it is not requesting any modification to the hearing date for Faire's motion to dismiss.[3] But with respect to Faire's motion to stay, the unique circumstances of this case, along with Faire's conduct with respect to discovery thus far, create serious concerns that the additional delay from continuing the hearing until November 14 will prejudice Tundra and materially affect the merits of this case. In contrast, granting Tundra its requested relief will not prejudice Faire and will have only positive effects on the case schedule. That relief will not delay any proceeding or deadline in this case; it will *expedite* proceedings and prevent Faire from using "[t]he mere filing of a motion to dismiss . . . to stop the discovery process, derail [the] case schedule, and delay proceedings." *Optronic Techs.*, 2018 WL 1569811, at *1.

## **CONCLUSION**

For the foregoing reasons, Tundra respectfully requests that this Court grant its Administrative Motion and reschedule the hearing on Faire's motion to stay for the earliest available date. In the alternative, Tundra respectfully requests that the Court decide Faire's stay motion on the papers without a hearing—or simply confirm, as the Court has already stated previously, that "discovery isn't stayed" at this time, thus permitting Tundra to proceed with serving discovery requests. 3/21/24 Hrg. Tr. at 3.

DATED: July 15, 2024

Respectfully submitted,

KING & SPALDING LLP

By: /s/ *M. Sean Royall*
　　　M. Sean Royall

*Attorney for Plaintiff*
Tundra Inc.

---

[3] There have been only two previous time-related modifications in this case: (1) a stipulation, prompted by a conflict with Faire's counsel's schedule, to reschedule the hearing on Defendant's original motion to dismiss (ECF Nos. 40, 41); and (2) a stipulation to alter the briefing schedule for Faire's pending motions (ECF Nos. 94, 95).