UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUNDRA, INC.,<br><br>             Plaintiff,<br><br>      v.<br><br>FAIRE WHOLESALE, INC.,<br><br>             Defendant. | Case No. 23-cv-02513-AMO<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 117 |

This is a closed antitrust case. Before the Court is Tundra, Inc.'s ("Tundra") motion for reconsideration ("Mot.") for the Court to alter or amend its judgment dismissing the case without leave to amend under Federal Rules of Civil Procedure 59(e) and 60(b). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the Court hereby **DENIES** the motion for the following reasons.

I.   **BACKGROUND**

For purposes of this Order, the Court assumes familiarity with the factual allegations underlying this case. Tundra filed its original complaint on May 23, 2023. Dkt. No. 1. The Court dismissed Tundra's original complaint, granting leave to amend. Dkt. No. 71 at 2-3. Tundra filed an amended complaint, Dkt. No. 73, to which Defendant Faire Wholesale, Inc. ("Faire") responded by moving to dismiss, Dkt. No. 78. Opposing dismissal, Tundra relied on out of circuit cases that recognized a de facto exclusive dealing theory, where economic elements like a defendant's market share, switching costs, and barriers to entry made the easy terminability of the contract illusory in practice. Opp. (Dkt. No. 102) at 15-16 (citing *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254 (3d Cir. 2012); *United States v. Dentsply Int'l, Inc.*, 399 F.3d 181 (3d Cir.

2005)). Following briefing of the motion and a hearing, the Court granted Faire's motion to dismiss Tundra's amended complaint with prejudice. Dkt. No. 113 (the "Order") at 9.

## II. DISCUSSION

Tundra asks the Court to reconsider and set aside its judgment on the basis that the Order "contains clear errors that would cause a manifest injustice" if left untouched. Mot. (Dkt. No. 117) at 7. Faire opposes the motion. Dkt. No. 119.

### A. Rule 59(e)

A motion to alter or amend judgment for reconsideration under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources," *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), and is not a vehicle for an unsuccessful party to "rehash" prior arguments, or to present "contentions which might have been raised prior to the challenged judgment," *Young v. Peery*, 163 F. Supp. 3d 751, 753 (N.D. Cal. 2015) (citation omitted). A Rule 59(e) motion should not be granted absent highly unusual circumstances, such as (1) "to correct manifest errors of law or fact upon which the judgment rests; (2) . . . to present newly discovered or previously unavailable evidence; (3) . . . to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Here, Tundra asserts that the Court committed clear error. Mot. (Dkt. No. 117) at 2. The clear error standard is not met unless the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *Concrete Pipe & Prods. v. Constr. Laborers Pension Tr.*, 508 U.S. 602, 623 (1993), and a mistake occurs when the court's prior decision is "illogical, implausible, or without support that may be drawn from the record," *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009).

Initially, Tundra argues that the Court made a factual determination that anyone using Faire may terminate its relationship with Faire easily and at any time, therefore foreclosing the risk that Faire's Terms constituted anticompetitive conduct. Mot. (Dkt. No. 117) at 9. In the Order granting Faire's motion to dismiss the amended complaint, the Court primarily rejected Tundra's claims on the basis that the contracts underlying the antitrust allegations could not support the

foreclosure necessary for an exclusive dealing claim because their terms allowed easy termination on short notice. Order at 1-2, 6-7 (stating, "[p]rimarily, Tundra alleges that a clause in Faire's Terms of Service with Brands creates an exclusive dealing arrangement," but "[o]n this record, including the No Circumvention and Termination contractual provisions incorporated by reference, Faire's Terms are easily terminable by either side at any time."). Both the Retailer and Wholesaler Terms incorporated into the amended complaint by reference contain identical, unambiguous language that permit customers to terminate their relationship with Faire "at any time." Retailer Terms (Dkt. No. 97-2) at 7, cl. 14; Wholesaler Terms (Dkt. No. 97-1) at 11, cl. 18. Tundra's argument that the Court made an improper factual determination thus contradicts the plain language of the Terms. The Court has no duty to accept a complaint's allegations as true when those allegations contradict documents on which the complaint relies. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citing *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)) (holding that courts are not required to accept allegations as true when those allegations contradict the language of documents that the complaint relies upon, especially where the documents' authenticity remains undisputed); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Because Tundra relies on the Terms, it was not "illogical, implausible, or without support from the record" for the Court to interpret Faire's Terms as easily terminable and lacking in anticompetitive hallmarks when it rejected Tundra's arguments that Faire's contracts were not easily terminable in fact. *Hinkson*, 585 F.3d at 1263. Thus, the Court did not commit clear error by interpreting Faire's unambiguous Terms as they related to Faire's easy terminability arguments when dismissing Tundra's complaint.

      Separate from the Court's ruling that the contracts themselves could not support Tundra's claims, the Court also addressed Tundra's "de facto" exclusive dealing theory – an argument Tundra raised in an effort to overcome the fact that the agreement was, on its face, easily terminable on short notice. Order at 6-7. The Court found that Tundra's de facto exclusive dealing arguments neither "reflect[ed] any of the hallmarks of de facto exclusive dealing" nor did Tundra offer any case law from the Ninth Circuit to support its "de facto" theory. *Id.* at 7. In other words, this Court granted Faire's motion to dismiss based on the express terms of the

3

agreement while also rejecting the de facto exclusivity argument Tundra offered to supplement its deficient allegations.

On this point, Tundra's motion for reconsideration merely reiterates arguments previously presented to the Court and primarily seeks to retract its previously held position on de facto exclusive dealing. Dkt. No. 120 at 3 ("The bottom line is that it was incorrect to conclude that Tundra's claims in this case ask[] the Court to permit a theory of de facto exclusive dealing."). Indeed, Tundra already attempted to minimize this argument before the Court even ruled on the motion to dismiss. Dkt. No. 112 at 3-4 ("The word 'de facto,' I noticed today that it was used in our – in our opposition. But we are not basing this argument – that's not the – the claim that's in the complaint."). Though Tundra contends that the Court raised the issue of de facto exclusive dealing sua sponte, Tundra introduced de facto exclusive dealing in its opposition brief for Faire's motion to dismiss, and relied on both *ZF Meritor* and *Dentsply*, Third Circuit cases in which a theory of de facto exclusive dealing was advanced, to make its case that it had plausibly alleged anticompetitive exclusive dealing. Opp. to Mot. to Dismiss (Dkt. No. 102) at 15-17, 19, 21 (citing *ZF Meritor,* 696 F.3d 254; *Dentsply Int'l.,* 399 F.3d 181). However, the Ninth Circuit rejected the theory of de facto exclusive dealing unless an antitrust plaintiff demonstrated certain hallmarks of coercion may support an exclusive dealing claim. *Aerotec Int'l, Inc. v. Honeywell Int'l, Inc.*, 836 F.3d 1171, 1182 (9th Cir. 2016). None of those hallmarks were alleged in Tundra's complaint.

Finally, Tundra argues that the Court erred by dismissing the case with prejudice instead of granting Tundra leave to amend. Mot. (Dkt. No. 117) at 12. Because the theory of anticompetitive conduct advanced by Tundra has not been recognized in the Ninth Circuit, Tundra's claims based on de facto exclusive dealing failed as a matter of law and could not plausibly be amended. *See Chinatown Neighborhood Ass'n v. Harris*, 794 F.3d 1136, 1144 (9th Cir. 2015) (citing *Universal Mortg. Co. v. Prudential Ins. Co.*, 799 F.2d 458, 459 (9th Cir.1986)) (The law is well established that dismissal with prejudice is appropriate where "the proposed amendment either lacks merit or would not serve any purpose because to grant it would be futile in saving the plaintiff's suit."). Accordingly, the Court properly dismissed Tundra's Amended

1    Complaint with prejudice. Doing so was not "illogical, implausible, or without support that may
2    be drawn from the record." *See United States v. Hinkson*, 585 F.3d at 1263.

### B.     Rule 60(b)

Rule 60(b) permits a party to seek relief from a final judgment where one or more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, which by reasonable diligence could not have been discovered sooner; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; and (6) any other reason justifying relief. *See* Fed. R. Civ. P. 60(b). A denial of a motion for reconsideration under Rule 59(e) is construed as one denying relief under Rule 60(b). *Barber v. Hawai'i*, 42 F.3d 1185, 1198 (9th Cir. 1994).

Here, Tundra asserts that the Court should set aside the judgment following dismissal due to Rule 60(b)(1)'s "mistake [or] inadvertence" or (b)(6)'s for "any other reason justifying relief." *See* Mot. (Dkt. No. 117) at 1-2. Tundra argues that the Court should vacate its dismissal and entry of judgment in Faire's favor for purported errors of fact and law it notes in its motion for reconsideration. Mot. (Dkt. No. 117) at 13. However, for the foregoing reasons, none of Tundra's arguments succeed under the "clear error" standard established to prevail in a motion for reconsideration, which is itself an extraordinary remedy. *See Kona Enters.*, 229 F.3d at 890; *see also 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Therefore, Tundra's motion for the judgment to be vacated under Rule 60(b) must be denied.

## III.    CONCLUSION

Tundra improperly used its motion for reconsideration to rehash legal arguments already considered and rejected, and it failed to demonstrate that the Court made any "clear errors" in law or fact that would warrant disturbing its Order and the judgment in this case. For the foregoing reasons, the Court **DENIES** Tundra's motion for reconsideration.

**IT IS SO ORDERED.**

Dated: October 23, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

5